UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| IN RE:<br><br>JAMES CRAIG BRINKLEY<br>aka CRAIG BRINKLEY<br>aka J. CRAIG BRINKLEY<br>aka JAMES C. BRINKLEY<br><br>    Debtor | Case No. 19-70234<br>(Chapter: 7) |
| WELLS FARGO BANK, N.A., D/B/A<br>WELLS FARGO AUTO<br><br>    Movant<br>v.<br><br>JAMES CRAIG BRINKLEY<br>aka CRAIG BRINKLEY<br>aka J. CRAIG BRINKLEY<br>aka JAMES C. BRINKLEY<br>    (Debtor)<br><br>GEORGE I VOGEL<br>PO BOX 18188<br>ROANOKE, VA 24014<br>    (Trustee)<br>    Respondents | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND FOR ENTRY OF ORDER WAIVING THE PROVISION OF FED. R. BANKR. P. 4001(a)(3)**

NOW COMES Wells Fargo Bank, N.A., d/b/a Wells Fargo Auto, a secured creditor in the above-captioned bankruptcy case, by its counsel, Orlans PC, as and for a motion pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(a)(3), seeking an Order granting relief from the Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2014

GMC Sierra 1500 and states the following as grounds therefore:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and § 157(a) and 11 U.S.C. § 362(d). Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. On February 22, 2019, the Debtor, above-named, filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

3. Wells Fargo Bank, N.A., d/b/a Wells Fargo Auto (the "Creditor") is a secured creditor and the holder of a duly perfected security interest in one (1) 2014 GMC Sierra 1500 VIN No. 3GTU2WEJ0EG451996 (the "Vehicle") pursuant to a Retail Installment Sale Contract Simple Finance Charge (the "Contract"), a retail installment contract between the Debtor, Kristy Brinkley, and Cole Chevrolet Cadillac, Inc. (the "Seller"), entered into on May 7, 2016, whereby the Debtor agreed to pay a total of $50,012.46 in 72 monthly payments of $854.87 each in connection with the purchase of the Vehicle. True and correct redacted versions of the Contract and Proof of Lien Perfection are attached as Exhibits "A" and "B", respectively.

4. Pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property of such party in interest.

5. As of March 4, 2019, the net total balance due on the obligation to Creditor was $34,340.62.

6. As of March 4, 2019, the Debtor is in default of the payment obligations to the Creditor in the amount of $3,464.09.

7. The foregoing does not represent any amount which may be due for costs and attorneys' fees as may be allowed by the Court.

8. That Creditor has ascertained that the clean retail value of the Vehicle is $32,175.00 based on N.A.D.A. Used Car Guide's estimated value of the Vehicle. A copy of the N.A.D.A. Guide for valuation of the Vehicle is attached hereto as Exhibit "C".

9. Upon information and belief, there is no other encumbrance affecting the Vehicle, and there is no other collateral securing the indebtedness.

10. Pursuant to the Debtor's Statement of Intention, the Debtor intends to surrender the Vehicle.

11. It is respectfully asserted that the Creditor's interest in the Vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

12. Accordingly, sufficient cause exists to grant the Creditor relief from the automatic stay.

13. The Creditor is also entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(2) because Debtor has no equity in the Vehicle and the Vehicle is not necessary for an effective reorganization.

WHEREFORE, the Creditor, Wells Fargo Bank, N.A., d/b/a Wells Fargo Auto, respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d),either:

a. Granting the Creditor relief from the automatic stay in order to obtain possession and dispose of the Vehicle, the entry of which order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3); and

b. For such other and further relief as the Court may deem just and proper.

Date:   3/21/2019

                                             Respectfully submitted,

                                             /s/ Heather D. McGivern
                                            Kathryn Smits, Bar #77337
                                            Heather D. McGivern, Bar #91767
                                            Theseus D. Schulze, Bar #93756
                                            Orlans PC
                                            PO Box 2548
                                            Leesburg, VA 20177
                                            (703)777-7101
                                            Attorneys for Wells Fargo Bank, N.A., d/b/a
                                            Wells Fargo Auto
                                            ksmits@orlans.com
                                            hmcgivern@orlans.com
                                            tschulze@orlans.com

## CERTIFICATE OF SERVICE

The undersigned states that on March 21, 2019, copies of Motion for Relief were filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

George I. Vogel
P.O. Box 18188
Roanoke, VA 24014
GVogel@vogelandcromwell.com
*Bankruptcy Trustee*

Shane W. Hiatt
Scot S. Farthing, Attorney at Law, PC
PO Box 1315
Wytheville, VA 24382
shiatt@sfarthinglaw.com
*Debtor's Attorney*

and I hereby certify that I have caused to be mailed by first class mail, postage prepaid, copies of Motion for Relief to the following non-ECF participants:

James Craig Brinkley
P. O. Box 6412
Christiansburg, VA 24068
*Debtor*

    Respectfully submitted,

    _/s/ Heather D. McGivern_____
    Kathryn Smits, Esquire
    Heather D. McGivern, Esquire
    Theseus D. Schulze, Esquire